On November 7, 1997, Kirby Delaney was found guilty of receiving stolen property. On December 2, 1997, Delaney was sentenced to a three-year term of community control, with the conditions that he serve 150 days in jail, perform 250 hours of community service, and pay child support, court costs and probation fees.
On December 9, 1998, Delaney was found guilty of violating the terms of his community control. Delaney had failed to report to the probation department on a regular basis, failed to make any payment toward probation fees or court costs, was terminated from the community-service program after having completed only seven of the 250 hours required by the court, and failed to make any child-support payments. The trial court revoked Delaney's community-control sanction and imposed a sentence of twelve months' incarceration.
Delaney appeals, raising three assignments of error: (1) the trial court erred in failing to sentence him to the minimum prison term; (2) the trial court erred by imposing the maximum sentence; and (3) the trial court erred by imposing a maximum sentence that was not supported by the record. For the following reasons, we overrule each assignment of error and affirm the judgment of the trial court.[1]
Pursuant to R.C. 2953.08(G)(1)(a) and (d):
 The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 (b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree * * *, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
* * *
(d) That the sentence is otherwise contrary to law.
Subsection (b) of R.C. 2953.08(G)(1) does not apply to our review of the sentence in this matter, because a trial court need not follow the provisions of R.C. 2929.13(B) when sentencing an offender who has violated the conditions of a community-control sanction. See R.C. 2929.15(B).[2]
When an offender violates the conditions of a community-control sanction, R.C. 2929.15(B) provides the trial court with a number of options:
 If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. [Emphasis added.]
In this case, before the trial court properly could impose a prison term upon Delaney for the violation of the community-control sanction, R.C. 2929.15 required that the trial court comply with the sentencing requirements of R.C. 2929.14.
Delaney argues in his first assignment of error that, because he had not previously served a prison term, R.C. 2929.14(B) required that the trial court sentence him to the six-month minimum prison term authorized for his offense. R.C. 2929.14(B) provides the following:
 Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02
of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. [Emphasis added.]
Although R.C. 2929.14(B) generally mandates the imposition of a minimum prison term for an offender who has not previously served a prison term if there is no finding that the shortest term would demean the seriousness of the offense or would not protect the public from future crime, the express language of the statute obviates the requirement for such findings where a court imposes the maximum sentence pursuant to the heightened requirements of R.C. 2929.14(C). See State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported; see, also, State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported; State v. Phipps
(Feb. 25, 1999), Allen App. No. 1-98-69, unreported. Thus, Delaney's first assignment of error is overruled.
Delaney's second and third assignments of error argue that the maximum sentence imposed by the trial court was unsupported by the record or by the findings required by R.C. 2929.14(C).
In order to impose the maximum prison term authorized for an offense, the trial court must follow the guidelines set forth in R.C. 2929.14(C):
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 Furthermore, according to R.C. 2929.19(B)(2)(d), the trial court must make a finding and give its reasons for selecting the maximum prison term for a single offense.
While the trial court correctly observed here that it was not obligated to make the predicate findings of R.C. 2929.14(B) to impose a greater-than-minimum prison sentence upon Delaney, the court was required to make findings under R.C. 2929.14(C) before imposing the maximum sentence for the community-control violation. Although the trial court did not need to use the exact language of R.C. 2929.14(C), it must be clear from the record that the trial court made the required findings. See Sherman, supra; State v.Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported.
The transcript of the community-control revocation hearing reflects references by the trial court to Delaney's failure to adhere to the conditions of community control and to Delaney's seven misdemeanor convictions and his felony conviction. Those references were sufficient to constitute a finding that Delaney "poses the greatest likelihood of committing future crimes." See R.C. 2929.14(C). Delaney's second and third assignments of error are overruled.
Because the sentence in this case is supported by the record and is not contrary to law, we affirm the judgment of the trial court.
Judgment affirmed.
 Doan, P.J., and Hildebrandt, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] We have sua sponte removed this case from the accelerated calendar.
[2] Subsection (c) of R.C. 2953.08(G)(1) applies only to felonies of the first or second degree and to certain drug offenses.